```
                  UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 13
MARY VANTIGER-WITTE             )
                                )     Bankruptcy No. 05-02931
      Debtor.                   )
```

**ORDER RE: MOTION TO CONVERT**

This matter came before the undersigned on October 30, 2007 pursuant to assignment. Debtor was represented by Attorney Thomas McCuskey. Martin McLaughlin appeared on behalf of the Farm Service Administration. Carol Dunbar appeared as Chapter 12/Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtor filed her Chapter 12 petition on June 21, 2005. No plan was ever confirmed, primarily because the rights of two secured creditors needed to be determined. After requiring Debtor to file an adversary proceeding to determine the secured status of MERS and the FSA, this Court ruled on September 14, 2006 that MERS had a first mortgage of $66,965.92 on Debtor's real estate with priority over FSA's mortgage. FSA appealed this ruling. The appeal was dismissed on motion of FSA on April 3, 2007. The dismissal was filed in this Court on July 26, 2007.

In the meantime, the Court ruled on FSA's Motion to Dismiss. FSA argued that Debtor was not eligible for Chapter 12 based on amounts listed in Debtor's Statement of Financial Affairs. The Court held that Chapter 12 eligibility is based on gross income from farming as shown in Debtor's 2004 income tax return. The Court found Debtor was eligible for Chapter 12 and denied FSA's motion to dismiss.

Debtor has now filed a Motion to Convert, Amended Schedules and a Chapter 13 Plan. These show that she no longer owns any real estate. Debtor sold the real estate to pay off secured creditors. Currently, Debtor's sole income is from her job as a medical assistant. Her Chapter 13 plan proposes to pay $122.79 per month for 36 months.

Trustee filed a Response to Debtor's motion to convert. She states: "There appears to be no statutory authority to convert a

Chapter 12 to a Chapter 13 case, under 11 U.S.C. § 1208." Trustee asserts that if conversion is appropriate and Debtor is eligible for Chapter 13, Debtor should show the Chapter 12 case was filed in good faith, there is no prejudice to creditors and conversion of the case would be equitable.

At the hearing, the FSA indicated it may wish to address Debtor's good faith and prejudice to creditors arising from the conversion. Counsel for Debtor suggested that such issues could be addressed at the time of confirmation of the plan.

## CONCLUSIONS OF LAW

Section 1208(a) of the Bankruptcy Code states: "The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable." 11 U.S.C. § 1208. Based on the language of this statute, an issue arises as to whether a Chapter 12 debtor may convert to a chapter other than chapter 7 of the Code. Courts are split on this issue.

For example, the court in In re Stumbo, 301 B.R. 34, 36-37 (Bankr. S.D. Iowa 2002) (Jackwig, J.), stated:

> With respect to whether section 1208 permits conversion from Chapter 12 to Chapter 11, there is no controlling case law on point. Accordingly, the Court begins with a plain reading of the statute quoted above and finds the answer is in the negative. That is especially clear when section 1208 is compared with similar sections found in Chapters 7, 11 and 13 of the United States Bankruptcy Code. If Congress had intended that a Chapter 12 debtor could convert the case to one under Chapter 11, it easily could have enacted a specific provision to that effect.

The court acknowledged this is the minority view. Id. at 37; see also In re Christy, 80 B.R. 361, 363-64 (Bankr. E.D. Va. 1987) (denying motion to convert from Chapter 12 to Chapter 11); In re Roeder Land & Cattle Co., 82 B.R. 536, 537 (Bankr. D. Neb. 1988) (stating the statute permits conversion only to Chapter 7).

A majority of courts considering the issue allow conversion from Chapter 12 to chapters other than Chapter 7 "where the debtor has filed in good faith, there is no prejudice to the creditors, and such conversion would be equitable." In re Miller, 177 B.R. 551, 553 (Bankr. N.D. Ohio 1994); In re Gregorson, 269 B.R. 36, 39 (Bankr. N.D. Iowa 2001) (Edmonds, J.)

(citing Miller; assuming without deciding that a debtor may convert from Chapter 12 to Chapter 11). The leading case is In re Orr, 71 B.R. 639, 642 (Bankr. E.D.N.C. 1987), which noted that there may be situations when such conversion would not be unfair to creditors or denial of conversion would be inequitable to the debtor. Id. Other concerns include the inconvenience of dismissing the case with Debtor refiling under a different chapter, and possible prejudice to creditors from recomputing the preference period. Miller, 177 B.R. at 554. Notably, conversion from Chapter 12 to Chapter 13 is contemplated in § 1307(b), which states:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307.

## CONCLUSION

Based on the foregoing, Debtor should not be prohibited from converting to Chapter 13 based solely on the language of § 1208(a). The majority rule is to allow a Chapter 12 debtor to convert to a case other than Chapter 7, despite the apparent lack of statutory authority. As a matter of convenience and conservation of judicial resources, any issues regarding Debtor's good faith or prejudice to creditors arising from the conversion can be combined with and addressed at the time of confirmation of Debtor's plan. The Court hereby expressly reserves the parties' rights to raise such issues at a later date.

**WHEREFORE**, Debtor's Motion to Convert is GRANTED.

**FURTHER**, issues regarding Debtor's good faith and prejudice to creditors arising from conversion from Chapter 12 to Chapter 13 may be asserted as part of the Chapter 13 confirmation process.

DATED AND ENTERED: NOVEMBER 6, 2007

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE